**Order entered September 17, 2021**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00409-CV

### PEOPLE PRIORITY SOLUTIONS, LLC, Appellant

### V.

### MCILVEEN REAL ESTATE & MANAGEMENT, INC., Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-02057**

## ORDER

This appeal is from the trial court's order of dismissal for want of prosecution. In relevant part, the order recites as follows:

> Plaintiff(s) having failed to take certain action heretofore specified by the court within the time period prescribed, and having not disposed of this case, the court finds that the cause should be dismissed for want of prosecution . . . The court finds that Plaintiff was duly notified of [the] dismissal hearing . . . and did not take the necessary action. Accordingly,

> IT IS ORDERED that the case is dismissed for want of prosecution with costs taxed against Plaintiff, for which execution issue.

Noting it intervened in the underlying suit and is uncertain as to whether the trial court intended to dismiss the case as to all claims and parties, appellant has filed a motion to abate the appeal. Appellee opposes the motion and has filed a response.

It is well-settled that, subject to mostly statutory exceptions, an appeal may be taken only from a final judgment that disposes of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When the language of an appealed order does not clearly and unequivocally dispose of all parties and claims, an appellate court may abate the appeal to permit the trial court to clarify the intent of its order. *See id.* at 206. Accordingly, we **GRANT** the motion and **REMAND** the cause to the trial court so it can clarify its intent. If the trial court intended its dismissal order to be a final and appealable judgment that disposes of all claims and all parties, it shall modify the order to make that intention clear. If the trial court did not render a final judgment, it shall certify so in writing and state what claims remain pending. The trial court shall then cause the modified order or certification be included in a supplemental clerk's record to be filed in the Court **no later than October 20, 2021**.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Kristina Williams, Presiding Judge of the 192nd Judicial District Court; Dallas County District Clerk Felicia Pitre; and, the parties.

We **ABATE** the appeal to allow the trial court an opportunity to comply with this order. The appeal shall be reinstated and any appropriate new deadlines shall be set no later than October 25, 2021.

/s/   ROBERT D. BURNS, III
CHIEF JUSTICE